IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EAGLE R&R LLC,          ) | |
|     Plaintiff,          ) | |
| ) | |
| v.          ) | CIVIL ACTION: 1:20-00417-KD-C |
| ) | |
| SPECIALITY DIVING OF LOUISIANA,   ) | |
| *et al.*,          ) | |
|     Defendants.          ) | |

**ORDER**

This matter is before the Court on the parties' Joint Motion to Set Aside the Default entered against the Defendants (Doc. 14), the notice of withdrawal of Plaintiff's motion for default judgment (Doc. 10), and the notice of withdrawal of the Affidavit of Robert S. Walker (Doc. 7) filed in support of Plaintiff's application for entry of default against the Defendants.

On August 21, 2020, Plaintiff initiated this litigation. (Doc. 1). On September 22, 2020, Plaintiff filed an application to the clerk for entry of default against the Defendants based on their failure to answer or otherwise respond. (Doc. 7). A review of the record and the Plaintiff's application revealed that despite an incorrect reference to August 27, 2020 in the Affidavit, the returns indicated personal service on the Defendants on September 1, 2020. As such, Plaintiff's application for default had been filed on the 21st day of the 21-day deadline for Defendants to answer or otherwise respond. Thus, no action was taken until the 22nd day, 1 day past the 21-day deadline: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit *or otherwise*, the clerk ***must*** enter the party's default." Fed.R.Civ.P. Rule 55(a) (emphasis added). As to "otherwise," this means the "elements of a default must be shown by.....other competent proof." 10A Charles Alan Wright,

1

Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure § 2682* (3d ed.1998).  On September 23, 2020, 22 days after service of process, and with no answer filed by the Defendants by the 21-day deadline, the Clerk entered a Rule 55(a) default against the Defendants as their failure to plead or otherwise defend had been "otherwise" shown.  (Doc. 9).

On September 24, 2020, Plaintiff filed a motion for entry of default judgment against the Defendants. (Doc. 10).  In response, on September 25, 2020, the Defendants filed an untimely Answer (Doc. 11), and a motion to set aside the default entered against them.  (Docs. 12, 13).  As grounds, Defendants reference a failure of coordination with counsel, inaccurate service information in Plaintiff's default application, and "good cause" ("default was not culpable nor willful....setting it aside would not prejudice...[Plaintiff], and ... [Defendants]...present a meritorious defense[]").  (Doc. 13 at 4).  Defendants explain that the failure to file a timely Answer was inadvertent and due to counsel's calendaring error (who followed state, not federal, deadlines).

On September 28, 2020, the parties jointly filed a motion to set aside the entry of default against the Defendants.  (Doc. 14).  As grounds, the parties explain that the Affidavit upon which the Plaintiff's application for entry of default (Doc. 7) was based included incorrect information as to the date on which Defendants were personally served.  Namely, that counsel misread the returns of service and stated in his Affidavit that Defendants were served on August 27, 2020, when they were served on September 1, 2020.  Nevertheless, the parties agree that in accordance with Rule 12 of the Federal Rules of Civil Procedure, the Defendants had 21 days from the date of service within which to answer or otherwise respond -- i.e., until September 22, 2020.

The Defendants' motion to set aside (Doc. 10) and the parties' joint motion (Doc. 14), are based on certain assumptions.  First, that the entry of default was based exclusively on the

information in counsel's affidavit (the referenced inaccuracies), rather than a review of the returns of service of process. Second, that an untimely answer is excused based on the foregoing.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause..." Fed.R.Civ.P. Rule 55(c). See, e.g., *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999) ("a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so[]"); *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviation*, 88 F.3d 948, 951 (11th Cir. 1996) ("'[g]ood cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance[]' ..... [it] is not susceptible to a precise formula, but some general guidelines are commonly applied.....whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense[]"). Additionally, there is a preference within the Eleventh Circuit to resolve cases on their merits, disfavoring defaults "because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993). See also *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Moreover, the Eleventh Circuit has held that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." Florida Physician's, 8 F.3d at 783 (citation omitted). Thus, doubts regarding whether to set aside an entry of default should be resolved in a defendant's favor. *Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1352 (N.D. Ga. 2008).

Upon consideration, while the propriety of entry of default against the Defendants was "otherwise" shown, the Court finds that given the unique circumstances, including the parties' *joint*

3

request for relief, the default will be set aside.  This is because the Court is satisfied that the Defendants have established good cause. Defendants filed a responsive pleading just three (3) days after the deadline and two (2) days after the Clerk's entry of default, thus Plaintiff will not be prejudiced by the slight delay of litigation at this early stage of the case.  Additionally, Plaintiff *agrees* that the default against the Defendants should be set aside and all parties have *jointly moved* for that specific relief.  Moreover, Defendants' error regarding the filing deadline appears to have been an inadvertent mistake, not made willfully or culpably with the intent to delay or prejudice Plaintiff.  Also, the Defendants' allegations appear to present a meritorious defense.

Accordingly, based on the foregoing, it is **ORDERED** that: the parties' Joint Motion to set aside the default entered against the Defendants (Doc. 14) is **GRANTED**; the Clerk's entry of default against the Defendants is **SET ASIDE**; Plaintiff's motion for default judgment (Doc. 10) is **WITHDRAWN**; the Affidavit of Robert S. Walker (Doc. 7) is **WITHDRAWN;** and Defendants' motion to set aside the default (Doc. 12) is **MOOT.**

**DONE** and **ORDERED** this the **29th** day of **September 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**

4