## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| EAGLE R&R LLC, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>SPECIALITY DIVING OF LOUISIANA, )<br>*et al.*, )<br>    Defendants. ) | CIVIL ACTION: 1:20-00417-KD-C |

### ORDER

This matter is before the Court on a *sua sponte* review of Plaintiffs' First Amended Complaint (Doc. 44).

On August 21, 2020, Plaintiff initiated this litigation. (Doc. 1). On September 25, 2020, Defendants answered. (Doc. 11). On March 8, 2021, Plaintiff filed a First Amended Complaint. (Doc. 44). Rule 15 of the Federal Rules of Civil Procedure governs amended complaints.

Specifically, Rule 15(a)(1) provides as follows:

(1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:

> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Subparagraph (A) does not apply because the First Amended Complaint was not filed "within 21 days after serving" the original August 21, 2020 complaint. Likewise, subparagraph (B) does not apply because Defendants filed their responsive pleading to the initial

complaint on September 25, 2020, and Plaintiff's First Amended Complaint was not filed within 21 days after service of same.

At this stage of the litigation then, Plaintiff may only amend the complaint via Rule 15(a)(2) -- "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff has not provided the Court with the Defendants' written consent. However, upon consideration, the Court will construe Plaintiffs' First Amended Complaint as a motion for leave to file same. Notably, Rule 15(a)(2) which states: "[t]he court should freely give leave when justice so requires." Additionally, "[t]here must be a substantial reason to deny a motion to amend." Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).

Specifically, leave should be freely given "when justice so requires," except in the presence of countervailing factors. See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of Am. Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). Courts "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014); Donley v. City of Morrow, Ga., 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same)).

The record does not indicate any instance of undue delay, bad faith, dilatory motive and/or repeated failure to cure deficiencies by the Plaintiff. And there is nothing before the Court

indicating that undue prejudice exists. Rather, per the Rule 16(b) Scheduling Order (Doc. 32), Plaintiff has until March 20, 2021 to amend the pleadings, indicating a lack of any prejudice to the Defendants in allowing the First Amended Complaint.

As such, the Court **GRANTS** Plaintiff's motion for leave to amend the complaint and Doc. 44, the First Amended Complaint, is deemed the operative complaint in this case.

**DONE** and **ORDERED** this the **10th** day of **March 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**